IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KELLY GREENAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15 C 4544 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | Magistrate Judge Susan E. Cox |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Kelly Greenan ("Plaintiff") filed a claim for the establishment of Adult Disabled Child Benefits and Supplemental Security Income under §223 of the Social Security Act. After her initial request was denied, Plaintiff filed a written request for a hearing before an Administrative Law Judge ("ALJ"). The case was assigned to ALJ Jose Anglada ("ALJ Anglada") and he entered a decision finding that Plaintiff was not disabled. Plaintiff filed a request for the review of her case with the appeals council, which was ultimately denied, thus making ALJ Anglada's decision the final determination of the acting Commissioner of Social Security, Carolyn Colvin ("Defendant"). Plaintiff then filed a motion for summary judgment before this court seeking to remand the case. [Dkt. 13] However, the merits of that motion need not be addressed here because Defendant and Plaintiff have both agreed to reverse and remand the case. As such, this Court finds no reason to go against the parties' mutually agreed upon accord and orders that ALJ Anglada's judgment be remanded for further administrative proceedings.

However, the parties disagree over whether the case should be remanded back to ALJ Anglada or remanded to a new ALJ. Plaintiff argues for a new ALJ stating ALJ Anglada's

decision erred in the following three ways: 1) failing to account for all of Plaintiff's impairments and resulting limitations, 2) choosing to rely on certain portions of the medical experts' opinions while rejecting other portions, and 3) failing to support the decision with substantial evidence. (Pl. Brief at 9, 11, 12.) Plaintiff concludes that because ALJ Anglada's decision is "marred by legal error" the case should be remanded to a different ALJ. (Pl. Brief at 15-16.) This Court agrees that ALJ Anglada's decision erred in the following two ways: 1) failure to recognize the severity of Plaintiff's eating disorder given Plaintiff's alarmingly low weight on record, and 2) only giving weight to certain portions of the reviewing doctors' opinions while disregarding other portions without adequate explanation. (R. 23-24.) This Court notes that other courts in this district have, on more than one occasion, requested that a new ALJ handle the remand instead of the original ALJ; in both of these cases the original ALJ was ALJ Anglada. *See Griffin v. Colvin,* Case No. 14 C 1182, (N.D. Ill. Oct. 28, 2014); *Wilson v. Colvin,* Case No. 13 C 8458, (N.D. Ill. Sept. 29, 2014). Because ALJ Anglada has had similar issues erring in decisions, especially issues with "cherry picking" information, the Court believes it may be appropriate to have this case remanded to a different ALJ. *Id.*

      The Defendant expressly admits that errors were made by ALJ Anglada, but argues that he should hear the case on remand, noting that this Court does not legally have the authority to order a new ALJ judge hear the remand. (Reply Brief at 1-2.) The Defendant also claims that remanding the case to a new ALJ judge would go against "a well established policy" in the HALLEX that the same ALJ who issued the decision should receive the case on remand so that they may have the opportunity to correct their errors.[1] (Reply Brief 2 at 2.)

---

[1] The HALLEX stands for the hearings, appeals and litigation law manual.

This Court is understands that the final decision regarding the ALJ assignment on remand is ultimately made by the Commissioner and not by judges who conducted a review of the initial decision, and this Court respects that principle. *See Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009). However, contrary to the Defendant's assertions, the Court does not believe that the HALLEX articulates a "well established policy" requiring remand to the same ALJ who initially heard the case.  The HALLEX's purpose is to communicate "guiding principle and procedures to OHA adjudicators i.e., Administrative Law Judges, Administrative Appeals Judges and Appeals Officer and to their support staff." HALLEX I-1-0-3. From the explicit language of the HALLEX, this Court finds that the HALLEX only contains "guiding principles and procedures" not a "well-established policy" as defendant argues. It is also noted that the section of the HALLEX that Defendant cites does not exist.[2]  This court finds that the only section possibly applicable to the Defendant's argument is one that states: "hearing office management will usually assign a remand order to the same ALJ for further processing, unless otherwise directed." HALLEX I-3-7-40.  Again, this section of the Hallex provides no more than guidelines, not a "well established policy."  This Court does not find that a recommendation of remand to a different ALJ would run contrary to any "well established policy," or encroach on the Commissioner's right to make the final decision regarding the ALJ assignment.

For the reasons articulated above, this Court recommends that a new ALJ handle the remand of this case. This Court recognizes that it does not have the authority to order the remand to a new ALJ, but respectfully suggests that the Commissioner assign this matter to a different ALJ on remand. The Plaintiff's motion [13] is granted to the extent it seeks remand, and denied to the extent it seeks an order directed the Commissioner to assign the case to another ALJ.  The

Defendant's motion [21] is granted to the extent it seeks remand, and denied to the extent it objects to this Court recommending assignment to a new ALJ.

**ENTER:**

**DATED:** 7/11/2016

_____
Susan E. Cox
United States Magistrate Judge

---

[2]Upon further research this Court notes that the HALLEX was recently amended and "minor editorial and formatting changes throughout, including renumbering and retitling sections" were made, possibly explaining the Defendant's inaccurate citation. Transmittal No. 1-3-139.